UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM J. BIGECK (K67560), | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 15 C 8571 |
| | ) |
| RANDY GROUNDS, WARDEN, ROBINSON CORRECTIONAL CENTER, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner William Bigeck, an Illinois prisoner confined at the Robinson Correctional Center, has brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He pleaded guilty to a single count of first-degree murder in 1998 and the trial court subsequently sentenced him to 50 years in prison. In his petition, Bigeck claims that his due process rights were violated when the government failed to live up to the terms of the plea agreement. Because the prosecution actually complied with the agreement, the court denies the petition [1], and declines to grant a certificate of appealability. As Petitioner has paid the $5.00 filing fee, his motion for leave to proceed *in forma pauperis* [4] is stricken as moot.

## BACKGROUND

The court has not required Respondent to answer the petition, so the complete state court record is not before the court. Review of Bigeck's petition is therefore limited to his petition itself, attached exhibits, and any available state court opinions. The following facts are drawn from the state-court record and are entitled to a presumption of correctness, a presumption that Petitioner can rebut only with clear and convincing evidence. *Thompkins v. Pfister*, 698 F.3d 976, 983 (7th Cir. 2012) (citing 28 U.S.C. § 2254(e)(1)).

Petitioner's conviction for first-degree murder stems from a gang-related shooting that took place in December 1995. (Post-Conviction Order, *Illinois v. Bigeck*, No. 96 CR 1838 (Cir.

Ct., Cook County Jan. 16, 2015), Ex. A to Habeas Pet. [1], hereinafter "Cir. Ct. Order," at 1.) On that evening, Bigeck accompanied co-defendant Eric Anderson as Anderson fired numerous gunshots at a van associated with a rival gang, killing two teenagers inside the vehicle. (*Id.*) Petitioner pleaded guilty to one count of first-degree murder and agreed to testify against Anderson and others in exchange for the dismissal of other charges against him and the state's recommendation that Bigeck be sentenced to 30 years in prison. (*Id.* at 1–2, 9–10.) The plea agreement warned Petitioner that the sentencing judge was not bound by the prosecution's sentencing recommendation. (Plea Agreement, Ex. B to Habeas Pet., at 1.) The agreement explained, further, that Petitioner faced a mandatory minimum sentence of 20 years of imprisonment and a maximum sentence of 100 years in prison. In other words, the plea agreement admonished, Petitioner could not possibly "get out of prison until December 15, 2015." (*Id.*)

At Petitioner's sentencing, the trial judge announced that there had been a change in the law after the parties reached their agreement. (Aug. 27, 1998 Change of Plea Hearing Tr., Ex. C to Habeas Pet., at 4.) Now, he explained, prisoners were eligible to receive credit for good conduct, permitting a prisoner to essentially cut his sentence in half. (*Id.*) In light of this change, the prosecutor would no longer agree to recommend a 30-year sentence for Bigeck, but instead expected to recommend a sentence of 60 years with the opportunity to earn "good conduct" credit (i.e., 30 years in "real time"). The judge explained to Bigeck that "the agreement in effect is that you receive a sentence of not more than sixty years and that you would receive day for day credit." (*Id.* at 4–5.) In practice, then, the prosecutor still sought a sentence that would keep Bigeck imprisoned for 30 years. The judge asked Petitioner whether he understood, and whether what he had stated was correct. Petitioner responded, "Yes." (*Id.* at 5.) Petitioner's attorney and the prosecutor also acknowledged this understanding of the agreement. (*Id.*) The

2

prosecutor then recommended a 60-year sentence, and the trial court imposed a sentence of 50 years in prison. (*Id.* at 32.)

The limited record is silent regarding any direct appeal. In fact, the next document in the record is Bigeck's state post-conviction petition, filed in Illinois court in 2014 and dismissed in 2015. That petition's sole ground for relief was Bigeck's claim that the state violated the plea agreement by recommending a sentence of greater than 30 years. He raises the same claim in this § 2254 petition [1], which he filed September 2015.

## **DISCUSSION**

A petition under 18 U.S.C. § 2254 serves a narrow but important function. It is not another round of independent appellate review of Bigeck's state court conviction. *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). Rather, it is limited to determining whether Bailey's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011). Issues of state law are not cognizable on federal habeas review. *George v. Smith*, 586 F.3d 479, 483-84 (7th Cir. 2009).

**I.      Bigeck's Petition is Untimely and Procedurally Defaulted**

Because this court generally does not conduct an independent review, Bigeck is required to have presented each claim he now presses to the state court at each level of review. 28 U.S.C. § 2254(b)(1); *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1052 (2011). The limited state-court records provided by Petitioner provide no indication that he raised his present claim on direct appeal, nor is there any evidence that he appealed the denial of his post-conviction petition to the Illinois Supreme Court. As such, this claim appears to be subject to procedural default. *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) ("[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his

conviction or in post-conviction proceedings.'") (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). This default may be overcome only by a showing of cause and prejudice or a showing of a fundamental miscarriage of justice, neither of which Bigeck has demonstrated here. *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010).

Furthermore, 28 U.S.C. § 2244(d) required Bigeck to seek relief from this court within one year of the date on which his conviction and sentence became final. Petitioner was convicted and sentenced in 1998 and there is no indication that he filed any challenge to his sentence until 2014, a 16-year delay.

Petitioner recognizes that his petition is tardy. He contends that he was "prevented from filing any 'timely' post-conviction petitions" by "the court[']s fundamental errors and the defendant[']s ineffective counsel.[1]" (R. 1 at 7.) Bigeck describes these impediments as "extraordinary cir[c]umstances far beyond the [his] control" (*id.*), an apparent reference to the doctrine of equitable tolling, which would excuse his delayed filing. But that doctrine only applies where a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Even assuming that the errors Bigeck ascribes to the court and his trial attorney constitute "extraordinary circumstances," Petitioner has been aware of these alleged failings since his sentencing 16 years ago. By any reasonable definition, he has not pursued his rights diligently. Thus, any failings by these third parties cannot excuse the late filing.

---

[1] Petitioner has not fully developed his ineffective-assistance claim beyond this passing mention. Regardless, such a claim would be unavailing here, given the court's conclusion that Bigeck's sentencing was not improper. *Strickland v. Washington*, 466 U.S. 668, 687 (US) (holding that ineffective-assistance claims cannot prevail without a showing that counsel's deficiencies prejudiced the defendant).

## II. Bigeck's Petition Cannot Prevail on its Merits

Evan apart from these procedural concerns, Petitioner's claim fails on its merits. On habeas review, this court's only concern is whether the challenged state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Steffes v. Pollard*, 663 F.3d 276, 282 (7th Cir. 2011). Bigeck argues that his due process rights were violated when the government recommended a longer sentence than the one agreed upon in the plea deal.

"Plea bargains are essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137 (2009). "'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" *Villanueva v. Anglin*, 719 F.3d 769, 777 (7th Cir. 2013) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). "Although the State 'is not permitted to pull the rug out from under a defendant who has negotiated a plea agreement by taking steps to induce the judge to give a higher sentence,' relief is not available unless a breach is substantial." *Campbell v. Smith*, 770 F.3d 540, 548 (7th Cir. 2014) (quoting *United States v. Hauptman*, 111 F.3d 48, 51 (7th Cir. 1997)).

Here, Bigeck argues that the prosecutor breached the plea agreement by recommending a 60-year sentence after initially agreeing to recommend a 30-year term of imprisonment. Petitioner recognizes that the original agreement called for the prosecutor to recommend 30 years of "real time" in prison, while the 60-year recommendation the prosecutor ultimately made allowed him to earn day-for-day good-conduct credits pursuant to a change in Illinois law. (R. 1 at 2.) Petitioner argues that the prosecution nevertheless breached its agreement because, in

5

order to receive the favorable sentence, Bigeck must now "earn [his] day-for-day good time." (*Id.*)

This distinction does not support a finding of a substantial breach, and the record makes clear that no one "pulled the rug out from under" Bigeck to impose a higher sentence here. The sentencing court explained in detail the change in the law that led to the modification in the prosecution's recommended sentence. (Ex. C. to Habeas Petition at 4–5.) The judge not only explained the situation to Petitioner but asked if he understood and agreed with plea agreement in light of the change in law. (*Id.*) Following this interaction, all parties, including Petitioner, agreed that the result was the prosecution's recommendation of a 60-year sentence with the ability to earn good-conduct credit. (*Id.* at 5.) Only then did Bigeck enter his guilty plea. (*Id.* at 6.)

The fact that he must now earn good-conduct credit is not a substantial breach of the plea agreement, because Bigeck was given the benefit of his bargain: namely, a recommendation from the prosecution that he serve 30 years in prison.[2] *Cf. Santobello v. New York*, 404 U.S. 257, 262 (1971) (holding that the government committed a material breach where it agreed to refrain from making a sentencing recommendation but in fact made such a recommendation at sentencing). Furthermore, he understood the changes to the relevant Illinois's sentencing law and intelligently and knowingly consented to the modification of the prosecution's recommendation. The updated agreement did not violate Bigeck's constitutional rights. His petition must be denied.

---

[2]   Notably, it appears that Petitioner has thus far accrued his day-for-day time. The Illinois Department of Corrections Internet Inmate Webpage shows that he entered IDOC custody on December 14, 1995 and his projected parole date is twenty-five years later on December 14, 2020. IDOC Inmate Status, William Bigeck, *available at* https://www.idoc.state.il.us/subsections/ search/inms_print.asp?idoc=k67560 (last visited Oct. 21, 2015).

### III. The Court Declines to Issue a Certificate of Appealability

Unless a judge issues a certificate of appealability, a final order in a habeas corpus proceeding "may not be taken to the court of appeals." 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may only issue when a prisoner has made a "substantial showing" that he has been denied a constitutional right or that reasonable jurists would disagree with this court's resolution of Petitioner's claims. 28 U.S.C. § 2253(c)(2); *Resendez v. Knight*, 653 F.3d 445, 446-47 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Bigeck has failed to make such a showing, the court declines to grant a certificate of appealability.

### **CONCLUSION**

For the foregoing reasons, Petitioner's § 2254 petition [1] is denied and the court declines to grant a Certificate of Appealability. The Attorney General for the State of Illinois is dismissed as a respondent. Because Petitioner has paid the filing fee, his motion for leave to proceed *in forma pauperis* [4] is stricken as moot.

ENTER:

Dated: October 22, 2015

_____
REBECCA R. PALLMEYER
United States District Judge